IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AYAZ AKBAR, | § | |
| | § | |
| *Petitioner,* | § | SA-20-CV-01132-FB |
| | § | |
| vs. | § | |
| | § | |
| WILLIAM P. BARR, U.S. ATTORNEY | § | |
| GENERAL; CHAD WOLF, ACTING | § | |
| SECRETARY, DEPT. OF HOMELAND | § | |
| SECURITY; MATTHEW ALBENCE, | § | |
| ACTING DIRECTOR (ICE); JOSE | § | |
| CORREA, SAN ANTONIO FIELD | § | |
| OFFICE DIRECTOR (ICE); AND | § | |
| RAYMUNDO CASTRO, WARDEN, | § | |
| SOUTH TEXAS ICE PROCESSING | § | |
| CENTER; | § | |
| | § | |
| *Respondents.* | § | |

## SHOW CAUSE ORDER

Before the Court is the above-styled cause of action, which was referred to the undersigned pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#4]. Petitioner Ayaz Akbar, an immigrant detainee subject to removal, filed his Petition for Writ of Habeas Corpus, which seeks relief under 28 U.S.C. § 2241. Petitioner asks the Court for his immediate release from detention after contracting COVID-19 while detained at the South Texas ICE Processing Center in Pearsall, Texas. Petitioner argues that he is currently being detained in conditions that expose him to an impermissibly high risk of contracting COVID-19 again, especially in light of his serious underlying medical conditions, and that the failure of Respondents to implement an appropriate response to the risks posed by COVID-19 violates his constitutional right to substantive and procedural due process and also constitutes a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Petitioner argues he is entitled to an immediate release from detention.

Other immigrant detainees held in custody by U.S. Immigration and Customs Enforcement have filed similar petitions requesting release due to the risks imposed by the COVID-19 pandemic, arguing like Petitioner here that the conditions of their confinement expose them to a high risk of contraction of the virus and endanger their health and safety.  In a recent case pending before Judge Fred Biery, the District Judge also assigned to this case, the Court granted Respondents' motion to dismiss and dismissed a § 2241 petition alleging almost identical claims as to those asserted here for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  *See Reyes Goana v. U.S. Dep't of Homeland Sec'y*, No. 5:20-CV-00473-FB (docket #47, #55, #57).

The petition at issue in *Reyes Goana* was a consolidated § 2241 petition by Goana and five other immigration detainees with differing underlying health issues that also asserted constitutional claims based on a violation of substantive and procedural due process and a violation of the Rehabilitation Act, among other claims.  The District Court concluded that no matter how petitioners styled their various claims and regardless of the causes of action asserted, their claims ultimately challenged the conditions of their confinement—conditions they claimed placed them at a heightened risk of contracting COVID-19—and the failure of respondents to put in place policies and procedures to mitigate that risk.  The District Court held that claims challenging a detainee's conditions of confinement are not cognizable in habeas and instead are properly pursued as civil rights challenges under Section 1983 or *Bivens*, as the purpose of habeas is to create a remedy where the underlying cause of detention itself is unlawful, not confinement conditions.  Additionally, the Court found that the remedy for petitioners' procedural due process claims would not necessarily involve immediate release from custody,

but rather additional process.   In summary, the Court found that petitioners' claims were disguised conditions-of-confinement claims over which the Court lacked jurisdiction.

In light of the District Court's previous disposition of a case with almost identical claims as those advanced by Petitioner here, the Court will order Petitioner to show cause why his case should also not be dismissed for lack of subject matter jurisdiction and for failure to state a claim.   Although the District Clerk already issued the summonses requested by Petitioner, it did so in error.   The Court will refrain from ordering service on Respondents while it evaluates the viability of Petitioner's claims.

**IT IS THEREFORE ORDERED** that Petitioner **show cause** why his case should not be dismissed for lack of subject matter jurisdiction and for failure to state a claim **on or before December 3, 2020**.

SIGNED this 12th day of November, 2020.


ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE