IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AYAZ AKBAR, | § | |
| *Plaintiff,* | § § § | SA-20-CV-01132-FB |
| vs. | § § | |
| WILLIAM P. BARR, U.S. ATTORNEY GENERAL; CHAD WOLF, ACTING SECRETARY, DEPT. OF HOMELAND SECURITY; MATTHEW ALBENCE, ACTING DIRECTOR (ICE); JOSE CORREA, SAN ANTONIO FIELD OFFICE DIRECTOR (ICE); AND RAYMUNDO CASTRO, WARDEN, SOUTH TEXAS ICE PROCESSING CENTER; | § § § § § § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner Ayaz Akbar [#1]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#4]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Petition be dismissed for failure to state a claim.

**I. Factual Background**

Petitioner Ayaz Akbar, a national of Pakistan, is an immigrant detainee subject to removal currently being housed at the South Texas ICE Processing Center in Pearsall, Texas. According to his Petition, Akbar presented himself to immigration officials on December 17,

1

2019, at the Laredo, Texas, point of entry, requesting asylum and was taken into custody. On July 30, 2020, Akbar tested positive for both COVID-19, as well as tuberculosis, and thereafter developed pneumonia. Akbar suffers from serious underlying health conditions, including high blood pressure, glucose intolerance/prediabetes, and compromised pulmonary function from a gunshot wound he sustained in his home country. Due to his vulnerable medical condition, Akbar requested humanitarian parole on multiple occasions, seeking release to a family member who is a U.S. citizen, where he could isolate and receive necessary medical interventions. The requests were denied. Akbar therefore filed this Petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking his immediate release from detention in light of his high risk of serious injury or death if he were to be exposed to COVID-19 again.

Akbar's Petition argues that the detention center where he is confined cannot successfully employ public health guidelines to protect him from contracting COVID-19 a second time. Akbar alleges that Respondents are aware of his underlying health conditions and his heightened risk of suffering complications from the virus but continue to detain him in conditions of confinement that fail to ensure his health and safety. The Petition asserts three claims based on these allegations—(1) a violation of his constitutional right to substantive and procedural due process under the Fifth and Fourteenth Amendments; (2) a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and (3) a general claim for release under Section 2241, the habeas statute governing federal immigrant detainees. Akbar requests immediate release from detention or, alternatively, an order directing Respondents to mitigate his risk of exposure to COVID-19.

Upon referral of this case to the undersigned, the Court ordered Akbar to show cause why this case should not be dismissed for lack of subject matter jurisdiction, questioning whether

Petitioner's suit, which challenges the conditions of his confinement, asserts any claims that can be pursued in a Section 2241 habeas petition.[1] Akbar responded to the show cause order [#6], and the undersigned ultimately ordered service of his Petition and a response. Respondents addressed both the threshold issue of jurisdiction and the merits of Akbar's claims in their response [#10], arguing that the Court should dismiss Akbar's Petition for lack of jurisdiction and/or for failure to state a claim upon which relief can be granted. Akbar filed a reply in support of his Petition [#13], urging the Court to reach the merits of his claims. The Court held a telephonic hearing on February 23, 2021, at which the parties presented oral argument on the issues before the Court.

After considering the parties' written briefing and oral arguments and for the reasons that follow, the undersigned concludes that this Court has jurisdiction over Akbar's Petition but should nonetheless dismiss the Petition for failure to state a claim.

## II. Analysis

**A.     This Court has subject matter jurisdiction over Akbar's Section 2241 Petition.**

Section 2241 provides a district court with jurisdiction over petitions for a writ of habeas corpus filed by a federal detainee alleging that he or she is being held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Where a detainee challenges the constitutionality of the conditions of his or her confinement, rather than the underlying legality and fact of that confinement, the Fifth Circuit has explained that the proper vehicle is not a habeas petition but rather a civil rights

---

[1] This Court is under a continuing obligation to evaluate its subject matter jurisdiction and may do so at any time *sua sponte*. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

action under 42 U.S.C. § 1983 (for detainees in state custody) or *Bivens* (for federal detainees like Akbar). *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing an implied federal right of action to seek damages for constitutional violations against federal officials sued in their individual capacities).

Relying on this distinction, numerous district courts faced with Section 2241 petitions by federal detainees challenging their continued detention during the COVID-19 pandemic have summarily dismissed these petitions for lack of subject matter jurisdiction, construing them as conditions-of-confinement cases that do not sound in habeas. *See, e.g.*, *Nel v. Cole*, No. PE:20-CV-00048-DC, 2020 WL 6535787, at *4 (W.D. Tex. Oct. 31, 2020) (collecting cases). Judge Biery, the District Judge assigned to this case, recently considered a petition similar to Akbar's and concluded the same. *See Gaona v. U.S. Dep't of Homeland Sec'y*, No. 5:20-CV-00473-FB-RBF, 2020 WL 6255411 (W.D. Tex. Sept. 11, 2020), *report and recommendation adopted sub nom.*, No. CV SA-20-CA-473-FB, 2020 WL 6255410 (W.D. Tex. Oct. 22, 2020) (holding that habeas petition challenging procedures and policies of how detainees are housed and treated with respect to COVID-19 was not cognizable in habeas, "notwithstanding Petitioners' attempts to artfully plead their claims," because the complaints at issue centered on the conditions of their confinement, not the cause of their detention in the first instance).

Akbar argues otherwise—that he is challenging not the conditions of his confinement but "the fact that he is confined *at all* in a detention center where the very fact of his detention exposes him to a deadly, airborne virus." (Show Cause Resp. [#6] at 3.) Akbar contends that, based on the evolving medical information related to COVID-19 transmission, there is nothing Respondents can do to protect him from a second COVID-19 infection while in federal custody.

4

Akbar's response cites to recent data that suggests even solitary confinement without contact with other inmates or jail personnel is insufficient to protect detainees from airborne COVID-19 transmission within detention facilities. (*See* Franco-Paredes Decl. [#6-1] at 2–19.) According to Akbar, against this reality, his continued detention violates his constitutional rights, regardless of the conditions in which he is detained. Akbar argues that the only way to remedy the alleged constitutional violation is his immediate release from detention, and therefore his claims fall squarely within the realm of habeas corpus and this Court has jurisdiction to consider his Petition.

Indeed, the Supreme Court has "left open the question whether [prisoners or detainees] might be able to challenge their confinement conditions via a petition for writ of habeas corpus" in some circumstances. *Ziglar v. Abassi*, --U.S.--, 137 S. Ct. 1843, 1862–63 (2017); *see also Preiser*, 411 U.S. at 499 ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making custody illegal."). And at least one Circuit Court of Appeals has held that "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenge the fact or extent, rather than the conditions, of the confinement," the claim sounds in habeas. *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (exercising jurisdiction over Section 2241 petition seeking release from custody due to the risks posed by COVID-19 but concluding that the district court abused its discretion in issuing a preliminary injunction because the petitioner was not likely to prevail on the merits of his Eighth Amendment deliberate indifference claim).

At the time of the Court's Show Cause Order, the Fifth Circuit had yet to address a habeas petition by a federal detainee seeking release based on the risks associated with the

COVID-19 pandemic. After the filing of Akbar's show cause response, however, the Fifth Circuit considered (albeit in an unpublished per curiam opinion) a Section 2241 Petition in which a federal prisoner requested a move from detention in a federal medical center to home confinement due to the heightened risk of contracting COVID-19. *See Cheek v. Warden of Fed. Med. Ctr.*, 835 Fed. App'x 737 (5th Cir. Nov. 24, 2020) (per curiam). The District Court in *Cheek* had summarily dismissed the suit for lack of subject matter jurisdiction, finding that Section 2241 was not the proper vehicle to raise claims complaining of the conditions of confinement. *Id.* at 738. The Fifth Circuit concluded that the district court's failure to determine if at least some of the claims were properly brought pursuant to Section 2241 was error. *Id.* at 738–39. Acknowledging the "blurry" distinction between suits attacking conditions of confinement and a habeas petition seeking release from custody due to illegal detention, the Fifth Circuit reasoned that if "Cheek's effort to be released from a medical center to home confinement [was] 'challenging the fact and duration of his confinement,'" then suit under Section 2241 was proper. *Id.* The Fifth Circuit proceeded to exercise jurisdiction over the petition, citing the Sixth Circuit's opinion in *Wilson* with favor, but nonetheless affirmed the dismissal by the District Court for failure to state a claim under Rule 12(b)(6), concluding that the court lacked authority to order the requested release to home confinement, which was a discretionary decision left to the Attorney General and the Bureau of Prisons. *Id.* at 740–41 & n.4.

In light of the Fifth Circuit's guidance in *Cheek* and the arguments made in Petitioner's show cause response, which continue to characterize this case as a challenge to the fact of and not the conditions of his confinement, the undersigned ordered service of Akbar's Petition on Respondents and a response. Respondents timely filed their response to the Petition [#10],

6

arguing that the Fifth Circuit's decision in *Cheek* did not change the legal landscape in the Fifth Circuit with respect to habeas petitions challenging the conditions of confinement or confer this Court with jurisdiction over Akbar's Petition. The response asks the Court to dismiss Akbar's claims either for lack of jurisdiction or failure to state a claim.

Akbar filed a reply [#13], reiterating his position that his claims are cognizable in habeas because (1) he alleges his detention is unlawful and that no condition of confinement can adequately protect him from significant risk of serious harm or death in confinement; (2) he seeks the primary relief of release not amelioration of unconstitutional conditions; and (3) if he cannot pursue his claims in habeas, he has no alternative avenue for raising his constitutional and statutory claims, because as a federal immigrant detainee he cannot seek injunctive relief through a civil rights action, as *Bivens* is limited to monetary relief. *See Patel v. Santana*, 348 Fed. App'x 974, 976 (5th Cir. 2009) (explaining that injunctive relief against the Bureau of Prisons is "a form of relief that would not be proper under *Bivens*").

After the parties filed their written briefing with the Court but before the Court's hearing on jurisdiction, the Fifth Circuit issued its first published decision addressing a Section 2241 habeas petition similar to the one before the Court. *See Rice v. Gonzalez*, 985 F.3d 1069 (5th Cir. 2021) (mem. op.). The petition in *Rice* was filed by a pretrial detainee in state custody and challenged the constitutionality of his continued detention, arguing that no conditions at the jail where he was being housed were sufficient to protect his constitutional rights during the COVID-19 pandemic. *Id.* at 1069. The Fifth Circuit construed the petition as seeking habeas relief and stated (without discussion) that it had jurisdiction over the case, but ultimately concluded that "the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement." *Id.* at 1070. In doing so, the Court relied on previous

7

Circuit authority explaining that "habeas is not available to review questions unrelated to the cause of detention" and has the "sole function" of granting relief from unlawful imprisonment or custody and "cannot be used properly for any other purpose." *Id.* (quoting *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976)). The Fifth Circuit reasoned that the fact that "Rice might more likely be exposed to COVID-19 during confinement, and that he may have certain common underlying health conditions, taken together do not impugn the underlying legal basis for the fact or duration of his confinement" and therefore Rice sought "an extension of federal habeas corpus law that this court is not authorized to grant." *Id.* The panel in *Rice* expressly rejected the Sixth Circuit's position that Section 2241 provides both jurisdiction and potential relief to federal prisoners who seek COVID-related release from custody. *See id.* at 1070 n.2 (citing *Wilson*, 961 F.3d at 837–39). Based on the guidance from the Fifth Circuit in *Cheek* and the published opinion in *Rice*, the undersigned finds there is subject matter jurisdiction over Akbar's Petition but that Akbar's claims ultimately fail on their merits and should be dismissed for failure to state a claim.

**B.      Akbar's Petition fails to state a claim upon which relief can be granted.**

Although there is no pending motion to dismiss under Rule 12(b)(6) before the Court, Respondents ask the Court in their response to dismiss Akbar's Petition either for lack of jurisdiction or for failure to state a claim. The Petition has been fully briefed both as to jurisdiction and its merits, and the Court should dismiss Akbar's Petition for failure to state a claim upon which relief can be granted. *Rice* suggests that the many previous jurisdictional dismissals of Section 2241 petitions seeking release due to COVID-19 were in error. But *Rice* compels the same result when viewing such a petition under Rule 12(b)(6) standards—summary dismissal.

8

To survive Rule 12(b)(6) dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Akbar's habeas Petition fails to state a claim that is cognizable in this Circuit.

The Fifth Circuit in *Rice* rejected the Sixth Circuit's position that Section 2241 could provide a means for prisoners and detainees to challenge the legality of their detention based on the risks associated with COVID-19 and clearly held that habeas does not afford relief for those challenging adverse conditions of confinement in this context. *Rice*, 985 F.3d at 1070. Because Akbar's Petition challenges the policies and practices of the Pearsall detention center and not the "cause" of his detention, he cannot pursue his claims in a habeas petition, regardless of how he attempts to characterize his factual allegations. *See id.*

Although *Rice* was a case involving a detainee in state custody, there is no reason to think the Fifth Circuit would have reached a different conclusion had it been faced with Akbar's Petition or that of another federal detainee. Akbar argues that one reason he should be entitled to pursue his claims in a habeas petition is because *Bivens*, the only other possible means of presenting his claims to this Court, is limited to damages actions and forecloses his requested injunctive relief. *See Patel*, 348 Fed. App'x at 976. The undersigned acknowledges that Akbar may face difficulties pursuing his claims through other avenues, but the Fifth Circuit has made its position clear—that this Court cannot grant Akbar his requested relief through a writ of habeas corpus.

The undersigned also notes that even if the Fifth Circuit had held otherwise and were to permit Akbar to proceed with his claims through a Section 2241 petition, his claims would likely still fail as a matter of law. Akbar's constitutional claims invoke his right to substantive and procedural due process under the Fifth and Fourteenth Amendments, alleging that Respondents' failure to protect him from exposure to COVID-19 constitutes deliberate indifference to an excessive risk of harm to his health and safety. (Pet. [#1] at 27–29.) As numerous courts have held, including the Sixth Circuit in *Wilson*, proving both the objective and subjective deliberate indifference of Respondents to the risks associated with COVID-19—an essential element of Akbar's constitutional claims—would be exceedingly difficult. *See Wilson*, 961 F.3d at 840–41; *see also Farmer v. Brennan*, 511 U.S. 825, 844 (1994) (key inquiry in evaluating subjective prong of deliberate indifference is whether defendant "responded reasonably to the risk"). There is also the issue of whether the denial of release to an immigrant detainee, a decision that is "purely discretionary in nature," can amount to the deprivation of a liberty interest for purposes of a due-process challenge. *See Asaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (internal citation and quotation omitted). This was the alternative ground upon which the Fifth Circuit affirmed the dismissal in *Cheek*. *See Cheek*, 2020 WL 6938364, at *2–3 ("No inmate has a constitutional right to be housed in a particular place or any constitutional right to early release . . . . It is not for a court to step in and mandate home confinement for prisoners, regardless of an international pandemic.").

Akbar's Rehabilitation Act claim also suffers from multiple possible defects. A Rehabilitation Act claim focuses on whether a qualified individual with a disability is being denied benefits or being subjected to discrimination for reason of a disability. *Cadena v. El Paso Cty.*, 946 F.3d 717, 723 (5th Cir. 2020) (citation omitted). The Rehabilitation Act is interpreted

under the same legal standards as the Americans with Disabilities Act ("ADA"). *See Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). The Fifth Circuit has held that the ADA is not applicable to agencies within the executive branch of the federal government. *Chamberlain v. Chandler*, 344 Fed. App'x 911, 913 (5th Cir. 2009). Thus, the most significant problem with Akbar's claim is that it is unlikely that the Rehabilitation Act even applies to the Bureau of Prisons (an executive agency) and Respondents here.

Finally, the evolving state of the COVID-19 pandemic, particularly the increasing availability of several vaccines that protect against serious illness or death from the virus, significantly undermines the fundamental theory of Akbar's Petition—that there are no policies and procedures that could be implemented that would protect him from COVID-19, and, therefore, his release is the only remedy.

### III. Conclusion and Recommendation

Having considered Akbar's Petition, the parties' briefing, the oral arguments at the Court's hearing, and the governing law, the undersigned recommends that Akbar's Petition be **DISMISSED** for failure to state a claim.

### IV. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing

objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 5th day of March, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE