# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **AYAZ AKBAR,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| V.  ) | CIVIL ACTION NO. SA-20-CA-1132-FB |
| ) | |
| **MERRICK GARLAND,**[1] **U.S. Attorney** ) | |
| **General; ALEJANDRO MAYORKAS,**[2] ) | |
| **Secretary, Dept. of Homeland Security;** ) | |
| **TAE D. JOHNSON,**[3] **Acting Director** ) | |
| **(ICE); JOSE M. CORREA, SR., Field Office** ) | |
| **Director, San Antonio Field Office, U.S.** ) | |
| **Immigration and Customs Enforcement;** ) | |
| **REYNALDO CASTRO, Warden, South** ) | |
| **Texas Detention Complex,** ) | |
| ) | |
| Respondents. ) | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge (docket no. 16) concerning the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 by Petitioner Ayaz Akbar (docket no. 1), along with Petitioner's Partial Objections to the Magistrate Judge's Report and Recommendations and Request for Hearing (docket no. 20).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need

---

[1] Merrick Garland replaced William Barr as the U.S. Attorney General and is substituted as a Respondent in this case under Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Alejandro Mayorkas replaced Chad Wolf as the Secretary of the Department of Homeland Security and is substituted as a Respondent in this case under Rule 25(d) of the Federal Rules of Civil Procedure.

[3] Tae D. Johnson replaced Matthew Albence as Acting Director of ICE and is substituted as a Respondent in this case under Rule 25(d) of the Federal Rules of Civil Procedure.

only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Petitioner's submission in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit and denies the request for a hearing.

IT IS THEREFORE ORDERED the Report and Recommendation of United States Magistrate Judge (docket no. 16) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 by Petitioner Ayaz Akbar (docket no. 1) is DISMISSED for failure to state a claim.

IT IS FURTHER ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 30th day of March, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE